IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01589-BNB

DON ALTON HARPER,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 19 2007

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Don Alton Harper, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado. Mr. Harper initiated the instant action by filing *pro se* an application for a writ of habeas corpus in the United States District Court for the District of Columbia (District of Columbia) challenging the constitutionality of his conviction from the United States District Court for the District of Kansas (District of Kansas). In an order filed on March 19, 2007, the District of Columbia treated the application as filed pursuant to 28 U.S.C. § 2241 (1994) and transferred the instant action to this Court. Mr. Harper has paid the $5.00 filing fee for this habeas corpus action.

On August 30, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Harper to show cause within thirty days why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the District of

Kansas. On September 7, 2007, Mr. Harper submitted his response to the order to show cause.

The Court must construe liberally the habeas corpus application and the response to the show-cause order because Mr. Harper is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Harper is challenging the validity of his conviction and sentence on bank robbery and firearms charges. He was convicted on January 13, 1994, after a jury trial in Criminal Action No. 93-cr-20069-JWL in the District of Kansas. He is serving a 341-month sentence. According to the District of Kansas docket records for No. 93-cr-20069-JWL, it appears that on May 15, 1995, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) affirmed his conviction and remanded the case to the district court for resentencing. *See United States v. Harper*, No. 94-3104 (10th Cir. May 15, 1995). Judgment on resentencing was entered on the docket on July 19, 1995. On September 9, 1996, the resentencing was affirmed on appeal. *See United States v. Harper*, No. 95-3219 (10th Cir. Sept. 9, 1996).

On July 10, 1997, Mr. Harper filed a motion pursuant to 28 U.S.C. § 2255 in the District of Kansas, which on September 5, 1997, denied the motion. Mr. Harper appealed to the Tenth Circuit, which on April 15, 1998, dismissed the appeal. On September 9, 2000, he filed an amended § 2255 motion, which the sentencing court denied on September 12, 2000. On December 14, 2001, the Tenth Circuit vacated the

district court's denial, treated the amended § 2255 motion as an implied application for authorization to file a second or successive § 2255 motion, and denied the application. On January 24, 2003, Mr. Harper filed another § 2255 motion. On May 27, 2003, he filed a motion for leave to file a successive § 2255 motion. On June 5, 2003, the sentencing court denied the motion to file a successive § 2255 motion without prejudice and forwarded the motion to the Tenth Circuit. On February 12, 2007, the Tenth Circuit denied Mr. Harper leave to file a second or successive § 2255 application in the sentencing court.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant

to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Mr. Harper is challenging the validity of his conviction and sentence in the instant habeas corpus action. However, he fails to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. The fact that Mr. Harper has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The fact that Mr. Harper has been and may be barred from filing a second or successive motion in the sentencing court pursuant to § 2255 also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Therefore, the application will be denied and the action dismissed because Mr. Harper because he has an adequate and effective remedy pursuant to § 2255 in the District of Kansas. Accordingly, it is

ORDERED that the habeas corpus application is denied and this action is dismissed because Applicant, Don Alton Harper, has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Kansas.

DATED at Denver, Colorado, this 18 day of Sept. , 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01589-BNB

Don Alton Harper
Reg. No. 24496-013
FCI – Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  9-19-7

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk